**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CLIFFORD LEWIS MOODY, III                                                                    PLAINTIFF
ADC #653750

v.                                                   4:20-cv-00699-LPR-JJV

BRICK LEWIS, Jail Administrator; and
VAN BUREN COUNTY DETENTION CENTER                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Clifford Lewis Moody, III ("Plaintiff") is a prisoner in the Arkansas Division of Correction. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was a pretrial detainee at the Van Buren County Detention Center.   (Doc. No. 2.)   For the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief maybe granted.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination,

2

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    PLAINTIFF'S COMPLAINT

Plaintiff says that, while he was pretrial detainee at the Van Buren County Detention Center, he was denied: (1) phone calls, mailing supplies, news, television, or any outside communication; (2) adequate medical care for an unspecified condition; (3) protection by housing

3

him with an individual on his enemy alert list; and (4) proper meals for sixty days.   (Doc. No. 2.)

I conclude Plaintiff has not pled a plausible § 1983 claim for several reasons.

First, Plaintiff has named the Van Buren County Detention Center and Jail Administrator

Brick Lewis as Defendants.   But, jails are not entities that can be sued in a § 1983 action.   *See*

*Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi Cnty.*

*Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001) (unpublished opinion).   And,

there is no vicarious liability in a § 1983 action.   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see*

*also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility

for supervising the operations of a prison is insufficient to establish the personal involvement

required to support [§ 1983] liability").   This means that, to proceed with a § 1983 claim, Plaintiff

"must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."   *Iqbal,* 556 U.S. at 676.   Plaintiff has not explained how

Defendant Lewis personally participated in *any* of the four alleged constitutional violations.   In

fact, Plaintiff has not mentioned Defendant Lewis at all in the body of his Complaint.   Thus, *none*

of the claims are properly pled.

Second, to proceed with an inadequate medical care claim, the Complaint must contain

facts suggesting Plaintiff had an objectively serious need for medical care, and Defendant Lewis

subjectively knew of, but deliberately disregarded, that serious medical need.   *See Johnson v.*

*Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (same standard for pretrial detainees as convicted

prisoners); *Barton v. Taber,* 908 F.3d 1119, 1123–24 (8th Cir. 2018) (same).   Plaintiff's

conclusory allegation that he did not receive proper care for an unspecified medical condition does

not satisfy either requirement.

Third, Plaintiff is correct the Constitution requires prisons and jails to provide nutritionally

4

adequate meals.  *See Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).   In the Complaint, Plaintiff says that for sixty days he received oatmeal for breakfast; a bologna sandwich and corn chips for lunch; and beans, cornbread, and rice for dinner.   He does not allege these meals, although redundant, were nutritionally deficient or otherwise adversely affected his health.   Thus, he has not pled a plausible inadequate nutrition claim.

Importantly, I previously explained these pleading deficiencies to Plaintiff, gave him the opportunity to cure them, provided him with the necessary forms, and explained I would recommend dismissal if he did not file an Amended Complaint within thirty (30) days.   (Doc. No. 3.)   Copies of that Order that were mailed to Plaintiff at the Van Buren County Detention Center have been returned undelivered.   (Doc. Nos. 5, 6.)   However, a copy sent to Plaintiff on June 12, 2020 at the Ouachita River Unit -- at Plaintiff's request -- has not been returned to the Court. (Doc. No. 4.)   The thirty (30) days for Plaintiff to amend his Complaint has expired.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.       The Complaint (Doc. No. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.       Dismissal count as a "strike," under 28 U.S.C. § 1915(g).

3.       The Court certify, under 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of July 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE